# Order

Michigan Supreme Court
Lansing, Michigan

September 23, 2009

138745

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

MARQUEZ MAURICE GOINS,
          Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138745
COA: 283210
Wayne CC: 07-014043-FC

On order of the Court, the application for leave to appeal the March 3, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Wayne Circuit Court, and we REMAND this case to the trial court for resentencing. For the reasons stated in the Court of Appeals opinion, the trial court's scoring of offense variable 13 was improper. The Court of Appeals alternate basis for scoring OV 13 was improper because it impermissibly included conduct that was already scored under OV 12. MCL 777.43(2)(c). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

Justice Weaver dissents because she is "not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice . . . ." It is difficult to understand how Justice Weaver can assert that this decision was not "clearly erroneous" when the Court of Appeals cited conduct scored under OV 12 to justify the scoring of OV 13 contrary to the express command of MCL 777.43(2)(c). It is equally difficult to understand how Justice Weaver can assert that defendant has not suffered any "material injustice" where the trial court imposed a minimum sentence of 132 months when it thought the correct guideline range was 126 to 210 months while the correct guideline range is 108 to 180 months. Thus, the lower courts unmistakably applied the law in an "erroneous" manner, and equally unmistakably

caused a "material injustice" to a person who, but for the instant order, might have been imprisoned for a term beyond that intended by the Legislature and the trial court.

WEAVER, J., (*dissenting*).

I dissent. I would not vacate the sentence and remand this case and I would deny leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 23, 2009

Corbin R. Davis
Clerk